**William Grant PIERSON, et al, Appellants,**

**v.**

**HOUSTON INDEPENDENT SCHOOL DISTRICT, et al, Appellees.**

**No. C14–84–848–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 15, 1985.

Rehearing Denied Sept. 19, 1985.

John Gano, of Gano & Donovan, P.C., G. Robert Friedman, of Friedman & Chaffin, Ronald L. Bair, of Lorance & Thompson, Houston, for appellants.

Robert A. Plessala, of Reynolds, Allen & Cook, Robert L. Adams, of Dunn, Kacal, Adams, Livingston, Pappas & Law, Timothy Cooper, of Bracewell & Patterson, Warren Taylor, of Butler & Binion, Gordon M. Carver, III, of Dunn, Kacal, Adams, Livingston, Pappas & Law, all of Houston, for appellees.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is a summary judgment case involving the liability of the Houston Independent School District (HISD), certain of its employees and others for personal injuries sustained by William Grant Pierson and Teresa Ann Holland during a homecoming parade. We find no error and affirm.

On October 19, 1979, Robert E. Lee High School (Lee), a member of the HISD, organized a homecoming parade as part of its annual homecoming activities. Student members of the Lee chapter of the Texas Association of Future Farmers of America (FFA), including appellants Pierson and Holland, designed and assembled a float for the parade. The float, which was approved by Lee principal L.J. Bergen and teacher/FFA sponsor Roy Sheffield, consisted of a mock Apollo space capsule. One part of the capsule contained a small amount of "black powder" and was designed to emit smoke when ignited via an electrical spark generated by a battery and flash bulb device. The space capsule was carried on a long-bed trailer pulled by a truck owned by Stephen Smith's business, Health Care Services, Inc., and driven by Smith's son, Stephen Smith, Jr. (the Smiths). During the parade the smoke device did not detonate as planned, so Pierson picked up the device and ignited it with a cigarette lighter. The device exploded, injuring Pierson and Holland, who was standing near the trailer.

Pierson brought suit under the Texas Tort Claims Act against HISD, FFA, Sheffield, Bergen, the Smiths, Health Care Services, Inc., and Kevin Shook, another Lee student who designed the smoke device. Teresa Ann Holland and her mother, Dorothy, brought suit against HISD, FFA, Sheffield, the Smiths and Health Care Services, Inc. The Smiths and Health Care Services, Inc., filed a cross-action for indemnity and/or contribution against Shook, Pierson, HISD, FFA, Sheffield and Bergen. Pierson's suit was consolidated with the Hollands', after which motions for summary judgment filed by HISD, FFA, Sheffield and Bergen were granted against Pierson and the Hollands based upon the defense of governmental immunity. Also granted were the motions for summary judgment filed by HISD, FFA, Bergen and Sheffield against the Smiths' cross-action. The Smiths' motions for summary judgment filed against Pierson and the Hollands were denied. The parties for whom summary judgment was granted were severed from the suit, leaving Pierson and the Hollands as plaintiffs, and Shook, the Smiths and Health Care Services, Inc., as defendants.

Appellants (Pierson in points of error one through three and the Hollands in points of error one and two) allege the trial court erred in granting HISD's motion for summary judgment. Appellants contend that summary judgment is precluded by the existence of fact issues concerning whether they have a cause of action within the waiver of governmental immunity under the Texas Tort Claims Act.

■ Texas recognizes the principle of governmental immunity for agencies of the state acting within their governmental capacities. As an agency of the state, HISD is immune from liability for the alleged negligence of its agents or employees except to the extent the immunity is waived by the Texas Tort Claims Act, Tex.Rev.Civ. Stat.Ann. art. 6252–19, § 3(b) (Vernon Supp.1985). The Act provides that "each unit of government in the state shall be liable for money damages ... for personal injuries ... when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle ..." Thus the Act contains a limited waiver of immunity for injuries and damages arising from the use of motor vehicles. Appellants allege that the approval by HISD and its agents of the use of the float and smoke device constitutes an act falling within the motor vehicle exception to governmental immunity.

■ The standards for review of summary judgment renditions are well established. Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law; there can be no genuine issues of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). In deciding whether there is a disputed material fact issue precluding summary judgment, every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. *Id.*

■ The appellants' allegations and the summary judgment evidence show that while there were perhaps errors in judgment on the part of HISD and its employees in allowing the smoke device to be used, or in failing to supervise its use adequately, the injuries complained of were not caused by the operation or use of the motor vehicle. While it is true that the unfortunate event took place on a motor vehicle, it was not through the motor vehicle's use or operation of the motor vehicle

itself that the incident occurred. *Estate of Garza v. McAllen Independent School District*, 613 S.W.2d 526, 528 (Tex.Civ.App. —Beaumont 1981, writ ref'd n.r.e.). *See also Jackson v. City of Corpus Christi*, 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The accident was caused when appellant Pierson lighted the smoke device with a cigarette lighter. Thus the trailer was merely the site, not the cause of the accident. Pierson's act and not the operation or use of the truck and trailer was the cause of appellants' injuries. The trial court properly granted HISD's motion for summary judgment. Appellant Pierson's first three points of error and the Hollands' first two points of error are overruled.

Pierson, in points of error four through nine, and the Smiths and Health Care Services, Inc., in point of error four, allege the trial court erred in granting the motions for summary judgment of appellees Bergen and Sheffield. In points of error three and four the Hollands also contest the granting of Sheffield's motion for summary judgment. These motions were granted based upon the professional immunity provision found in § 21.912 of the Texas Education Code, which grants a qualified immunity to professional school employees for acts done within the scope of their employment involving judgment or discretion. This immunity does not, however, apply when excessive force is used in the discipline of a student which results in injury to the student, nor does it apply to the operation, use or maintenance of any motor vehicle. Tex. Educ.Code Ann. § 21.912 (Vernon Supp. 1985); *Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex.1978).

Pierson and the Hollands argue that Bergen and Sheffield are not entitled to immunity because 1) the injuries arose from the operation and use of a motor vehicle, and 2) Bergen and Sheffield planned, approved and arranged the use of the smoke device in violation of city and state laws regulating the transportation of explosives, a situation appellants claim was not intended by the legislature to be included in the grant

of immunity. Pierson and the Hollands cite no authority for their proposition that the *approval* by Bergen and Sheffield of a smoke device violates city or state laws or that such approval, even if illegal, removes the cloak of immunity. The Texas Supreme Court has addressed the issue of the limitations to governmental immunity in *Barr v. Bernhard*, 562 S.W.2d 844 (Tex. 1978). The court states that "any waiver of governmental immunity is a matter to be addressed by the legislature." *Id.* at 846. The court's interpretation of § 21.912 makes clear that the personal liability of professional school employees is limited to the negligent operation of motor vehicles, and in circumstances where in disciplining a student, the employee uses excessive force or is negligent in disciplining a student which results in bodily injury to the student. *Id.* at 849.

■■■ There have been no allegations by appellants that the approval of the smoke device by Bergen and Sheffield did not involve the use of judgment and discretion or that either appellee was involved in the discipline of the students. Therefore, the imposition of personal liability must be based upon the negligent operation or use of a motor vehicle, or upon the theory that Bergen and Sheffield acted outside the scope of their duties in approving the use of the smoke device. The motor vehicle exception does not apply to Bergen and Sheffield for the same reasons it did not apply to HISD; that is, the injuries were not caused by the operation or use of the motor vehicle, but by the acts of Pierson. *See Estate of Garza v. McAllen Independent School District*, 613 S.W.2d at 527–28. Pierson has judicially admitted in his petition that Bergen and Sheffield were acting within the scope of their duties, and the uncontroverted affidavits of Bergen and Sheffield, as well as their deposition testimony, establish that they were acting within the scope of their duties in approving and supervising the school-sponsored floats. There is no evidence that Bergen and Sheffield acted in other than good faith or that an intentional or malicious tort was committed. As such, personal immunity

was not waived. *See Davis v. Houston Independent School District*, 654 S.W.2d 818 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Torres v. Owens*, 380 S.W.2d 30 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). Pierson's points of error four through nine and the Hollands' points of error three and four are overruled.

■■■ The Smiths and Health Care Services, Inc., in point of error four, also challenge the trial court's granting of the motions for summary judgment of Bergen and Sheffield. However, the motions were entered against Pierson and the Hollands and not against the Smiths and Health Care Services, Inc. They thus lack standing to appeal the granting of these motions because an appealing party may not complain of errors which do not injuriously affect him or which merely affect the rights of others. *Buckholts Independent School District v. Glaser*, 632 S.W.2d 146, 150 (Tex.1982). The Smiths' fourth point of error is overruled.

In points of error ten through twelve, appellant Pierson alleges the trial court erred in granting the FFA's motion for summary judgment. Appellant contends there are fact issues concerning the status of Shook, Bergen and Sheffield as agents of the FFA which would render the FFA liable under the doctrine of respondeat superior. The FFA contends summary judgment was proper because there is no evidence to indicate the existence of any agency relationship between the FFA and Shook, Bergen or Sheffield.

■■■ In order for the FFA to be held liable under respondeat superior, appellant must first prove that an agency relationship existed. For there to be an agency relationship, there must be a consensual relationship; the consent of both principal and agent is necessary. *Carr v. Hunt*, 651 S.W.2d 875, 879 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). In the absence of an exercise of control by one party over the activities of another, there can be no agency relationship. *Id.*

 Durwin Hill, Executive Secretary of the Texas Association of FFA, stated in his affidavit that the FFA does not control the day-to-day activities of the advisors chosen by the local schools, and particularly had no control over whether Sheffield or the local school chapter could enter a float in a school parade. He also stated the FFA had no oral or written contract with any of the alleged agents, nor did it direct the float to be entered in the parade or supervise its construction. In his affidavit, Sheffield confirmed the lack of control by the FFA over the local chapter's activities. Pierson's answers to requests for admission confirm that he acted on his own without written or oral authority from the FFA in procuring the tractor trailer and in handling the smoke device. The summary judgment evidence establishes as a matter of law that there was no agency relationship between the FFA and the named persons whereby liability could be imputed to the FFA; therefore summary judgment was properly granted. Pierson's points of error ten through twelve are overruled.

The Smiths in point of error one allege the trial court erred in overruling their motion for summary judgment as to Pierson and the Hollands. Review of the overruling of a motion for summary judgment is proper only when motions for summary judgment have been filed by all real parties in interest. *Garcia v. City of Lubbock*, 634 S.W.2d 776, 780 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). Since Pierson and the Hollands did not file such motions, the Smiths' point of error one is improper and overruled.

In points of error two and three the Smiths allege the trial court erred in granting the motions for summary judgment of HISD, Bergen and Sheffield as to the Smiths' cross-action for contribution. Neither contribution nor indemnity is recoverable from a party against whom the injured party has no cause of action. *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 553 (Tex.1981). The trial court properly granted the motions for summary judgment against the Smiths' cross-action.

The Smiths' second and third points of error are overruled.

The judgment of the trial court is affirmed.