**Daniel ZARAGOZA, Appellant,**

v.

**CITY OF GRAND PRAIRIE, Donald T. Allen, Jr., James Hannigan, and Douglas W. White, Police Officers of The City of Grand Prairie, Texas, Appellees.**

No. 06–98–00165–CV.

Court of Appeals of Texas, Texarkana.

Argued July 26, 1999.

Decided Aug. 10, 1999.

Frank P. Hernandez, Attorney at Law, Dallas, for appellant.

Thomas Brandt, Cathlynn H. Cannon, Fanning Harper & Martinson, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Daniel Zaragoza appeals from a summary judgment rendered in favor of police

officers employed by the City of Grand Prairie. Zaragoza contends that the trial court erred in rendering a summary judgment based upon immunity and application of the Tort Claims Act. He contends that error is shown because he brought this action under the common law and the Texas Constitution and not under the Tort Claims Act. He argues, therefore, that his cause of action against the officers is not abrogated by immunity.

The evidence showed that on the date in question, shortly before 5:00 p.m., the Grand Prairie police received a telephone call stating that the driver of a yellow pickup truck was driving erratically and had stopped at a particular location beside the road. When Officer James Hannigan arrived at that location, he found Zaragoza sleeping inside the truck. After awaking Zaragoza, Officer Hannigan administered field sobriety tests. Hannigan first asked him to do a one-legged stand, but Zaragoza said he could not do that test due to a leg injury. Hannigan then asked him to stand with his feet together, close his eyes, and tilt his head backward. Zaragoza did so, but said the test was making him dizzy. The officer then asked Zaragoza to recite the alphabet, beginning with the letter "g" and ending with "p." The officer concluded that Zaragoza failed this test because he began with the letter "h." The officer then asked Zaragoza to count backward, starting with 93 and stopping at 67. Zaragoza also failed this test because he skipped numbers 80 and 78. Hannigan stated that Zaragoza's eyes were bloodshot, but he could not detect any smell of alcohol on his breath. Zaragoza denied any use of alcohol and informed Hannigan that he was sick, was a diabetic, and needed his medicine.

Hannigan arrested Zaragoza for driving while intoxicated and booked him into jail at about 5:15–25 p.m. At 7:15 p.m., jail officers called medics to attend to Zaragoza, who was having trouble breathing and was vomiting. Zaragoza was taken to Parkland Hospital, where tests were run that showed his sugar level was unacceptably high and that he had bronchial pneumonia. He was hospitalized for several days and then released without further confinement in jail.

Zaragoza sued the City of Grand Prairie and the officers. Summary judgment was rendered in favor of the City as a part of the judgment on appeal. Zaragoza did not attack the judgment in the City's favor, either below or on appeal. Although the City remains a named party in the case, there is no contention that rendition of judgment against the City was error.

■ Zaragoza sued the officers based upon claims of negligence. He specifically contended that the officers were negligent in arresting him without reasonable cause and in falsely incarcerating him and convicting him. He also claims the officers were negligent in failing to provide him proper medical treatment. The officers moved for summary judgment based upon official immunity[1] and based upon the contention that, when the governmental entity is entitled to summary judgment, a claim against the employee of that governmental entity based upon the same act or omission is also barred, citing TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997). The officers also claimed that Zaragoza's suit constituted a collateral attack upon his conviction. The court granted the officers' motion, and all claims raised in this appeal are directed only at that portion of the court's final judgment.

■ The officers contend that Zaragoza has failed to attack each basis upon which summary judgment might have been granted and has thus waived his contention of error. However, Zaragoza's argument is not presented as suggested by the

---

1. Official immunity is an affirmative defense which government employees are entitled to raise when they are sued in conjunction with the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

officers, but is based on the contention that Section 101.106 should not apply in this situation and that official immunity is not available.

In regard to the officers' contention that Zaragoza's suit was a collateral attack upon his conviction for driving while intoxicated, the record does not show that Zaragoza was ever convicted of that offense. The officers cite Zaragoza's considerably confused deposition testimony to show that he was so convicted. His testimony generally shows that he believed that some form of trial had taken place while he was in the hospital. However, no documentation showing such a conviction appears in the record, and the only court document proffered is a "release or plea change form" from the Grand Prairie Municipal Court directing jailers to release Zaragoza for time served.

The judgment in favor of the City is uncontested. There is no suggestion that it was rendered erroneously. Thus, the controlling statute is TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. It reads as follows:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

The express language of Section 101.106 bars any action against a government employee where there is a Tort Claims Act judgment or settlement concerning the same subject matter. *See Thomas v. Oldham*, 895 S.W.2d 352, 355 (Tex.1995); *Owens v. Medrano*, 915 S.W.2d 214, 216 (Tex.App.-Corpus Christi 1996, writ denied). Here, the City was sued under the auspices of the Tort Claims Act, but prevailed in the lower court based on claims of immunity. The statute does not require that judgment be rendered against a governmental unit before the procedural bar applies. To the contrary, several courts of appeals have applied the bar in cases where judgment has been rendered in favor of the governmental unit. *Gonzalez v.*

*El Paso Hosp. Dist.*, 940 S.W.2d 793, 795 (Tex.App.-El Paso 1997, no writ); *Brand v. Savage*, 920 S.W.2d 672, 674 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see Owens*, 915 S.W.2d at 216.

■■■ Two cases have specifically applied the bar to employee liability where judgment for the governmental unit was based on plaintiff's failure to comply with the Tort Claims Act notice requirements, a procedural and nonsubstantive defense that would not have protected an employee who had been sued individually. *Cox v. Klug*, 855 S.W.2d 276, 280 (Tex.App.-Amarillo 1993, no writ); *Davis v. Mathis*, 846 S.W.2d 84, 88–89 (Tex.App.-Dallas 1992, no writ). The immunity conveyed to a governmental unit's employees by Section 101.106 is triggered by any judgment in an action against a governmental unit, including a judgment in favor of the governmental unit. *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex.1997). When a judgment is rendered for the governmental unit, judgment must also be rendered for its employees if Section 101.106 applies. *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343–44 (Tex.1998). It is thus immaterial whether judgment against the governmental unit precedes an attempt to recover against the employee, or is simultaneously rendered. *White v. Annis*, 864 S.W.2d 127, 131–32 (Tex.App.-Dallas 1993, writ denied).

■■ In summary, the purpose of Section 101.106 is to protect government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers under the Tort Claims Act. Whether the outcome of the governmental liability claim is favorable or adverse to the plaintiff is not a distinction made by the statute; neither does it differentiate judgments that are simultaneous from those that are not. The statute also does not differentiate between claims brought against cities under the Tort Claims Act and against employees

on some other basis, but focuses instead upon the subject matter of the claim.

The summary judgment evidence shows that the officers involved in this case were not as attentive and professional in dealing with Zaragoza as they should have been. They obviously should have taken his medical complaints more seriously. Although Zaragoza survived his encounter with these officers in spite of their actions, we cannot and do not approve of their conduct.

Nevertheless, under the applicable statute, the trial court had no other option but to enter summary judgment in favor of city employees. Error has not been shown. The judgment is affirmed.