Affirmed and Opinion filed March 2, 2004









Affirmed
and Opinion filed March 2, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00834-CV

____________

 

CLARENCE WHITESELL, Appellant

 

V.

 

NELLIE NEWSOME, AS
NEXT FRIEND OF JANE DOE, A MINOR CHILD, Appellee

 



 

On Appeal from the 335th
District

Washington County, Texas

Trial Court Cause No. 32617

 



 

O P I N I O N








Appellant Clarence Whitesell appeals from
an interlocutory order denying his motion for summary judgment based on
official immunity.  Appellee Nellie
Newsome filed this lawsuit against Whitesell, asserting claims of negligence
and negligence per se, arising out of an incident of sexual misconduct by a bus
driver, Todd Johnson, with Jane Doe, a minor child.  Johnson had been employed by Brenham
Independent School District (ABISD@), where he was
supervised by Whitesell.  Whitesell
presents the following three issues for our review in this accelerated
appeal:  (1) whether the judgment of a
federal district court granting BISD=s motion for
summary judgment on a 42 U.S.C. ' 1983 claim bars
the state law claims against Whitesell, pursuant to section 101.106 of the
Texas Tort Claims Act; (2) whether summary judgment should have been granted in
favor of Whitesell because BISD would have been immune from suit and, as an
employee and agent of BISD, he has official immunity; and (3) whether summary
judgment should have been granted in favor of Whitesell because he has immunity
as a professional employee of a school district, pursuant to section 22.051 of
the Texas Education Code.  We affirm.

                                I.  Procedural and Factual Background

In May 1998, Newsome filed a lawsuit in
the United States District Court for the Southern District of Texas against
BISD, Durham Transportation, Inc. (ADurham@), Todd Johnson,
and other individuals.  Whitesell was not
a party to the federal lawsuit.[1]  Newsome alleged causes of action pursuant to
42 U.S.C. ' 1983 and state law claims of battery and
negligence.  She alleged that Johnson, a
school bus driver employed by Durham, a private company, touched Doe, a minor
student at BISD, on her thigh and wrote an obscene message on her hand.  Johnson was initially employed by BISD as a
school bus driver in the fall of 1991. 
Whitesell, Johnson=s supervisor while he was employed by
BISD, ran a background check on Johnson in 1991, which showed that Johnson had
no prior criminal history.  In 1994,
however, Whitesell became aware of Johnson=s felony
conviction involving a burglary of an automobile.  BISD outsourced the busing of its students to
Durham, and despite knowing of Johnson=s felony
conviction, Whitesell recommended Johnson to Durham as an approved bus
driver.  Based on Whitesell=s recommendation,
Durham employed Johnson as a bus driver.

In her federal court action, Newsome
alleged that a constitutional violation occurred as a result of the school
district=s violation of
section 22.084(b) of the Texas Education Code. 
That provision states, in pertinent part, as follows:








If the district,
school, service center, or shared services arrangement obtains information that
a [bus driver or prospective bus driver] has been convicted of a felony or a
misdemeanor involving moral turpitude, the district, school, service center, or
shared services arrangement shall inform the chief personnel officer of the
person with whom the district, school, service center, or shared services
arrangement has contracted, and the person may not employ that person to drive
a bus on which students are transported without the permission of the board of
trustees of the district or service center, the governing body of the
open-enrollment charter school, or the chief executive officer of the private
school or shared services arrangement.

Tex. Educ. Code Ann. ' 22.084(b) (Vernon
Supp. 2004).  The federal district court
granted summary judgment on Newsome=s 42 U.S.C. ' 1983 claim in
favor of BISD and Durham on the basis that Whitesell, who made the decision to
approve Johnson, did so based on Johnson=s work
history.  The court found that decision
was not within Whitesell=s authority and that he acted outside the
scope of his employment because his decision violated the requirements of
section 22.084(b) of the Education Code. 
The court further concluded BISD was not liable for the alleged injury
caused by Whitesell=s unauthorized decision.  After dismissing Newsome=s ' 1983 claim, the
court declined to exercise supplemental jurisdiction over the remaining state
law claims and dismissed them for lack of subject-matter jurisdiction.  See 28 U.S.C. 1367(c)(3).








Newsome subsequently filed her state court
action and alleged claims of negligence and negligence per se against
Whitesell, Durham, and Johnson, but not BISD. 
In Whitesell=s affidavit filed in the federal lawsuit,
submitted as summary judgment evidence in this lawsuit, he said that he did
learn that Johnson had been charged with burglary of an automobile.  He testified that he was satisfied Johnson
had not Apersonally been
involved in any violence against another person, it did not involve drugs, and
it did not involve sexual misconduct.@  Whitesell said, AI, therefore, saw
no reason to terminate his employment with [BISD] in light of his otherwise
very good job performance.@  Whitesell further testified that he provided
Durham with a list of employees who were qualified to drive buses for BISD,
including the fact that they had the requisite criminal record check, and
Johnson was on that list.  Whitesell
filed two motions for summary judgment, both of which were denied by the trial
court.  This accelerated appeal from the
denial of summary judgment based on immunity followed.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5)
(Vernon Supp. 1999).

                                                      II.  Analysis

Whitesell filed a traditional motion for
summary judgment, and therefore had the burden to show that no genuine issue of
material fact exists and that he is entitled to judgment as a matter of
law.  Tex.
R. App. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  As a defendant, he must
conclusively negate at least one essential element of each of Newsome=s causes of action
or conclusively establish each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).  His
motion rested on the affirmative defense of immunity.  In deciding whether a disputed material fact
issue exists precluding summary judgment on Whitesell=s affirmative
defense, we resolve every reasonable inference in favor of Newsome and take all
evidence favorable to her as true.  See
Science Spectrum, 941 S.W.2d at 911.

A.      Official
Immunity








In Whitesell=s first and second
issues, he argues that the federal court=s judgment in
favor of BISD dictates that he is immune from Newsome=s lawsuit pursuant
to section 101.106 of the Civil Practice and Remedies Code.  Whitesell=s argument fails
because the basis for the federal court=s order was that
BISD was not liable under section 42 U.S.C. ' 1983; the court
did not rule that BISD was not liable pursuant to the Texas Tort Claims
Act.  Section 101.106 of the Civil
Practice and Remedies Code provides as follows: 
AA judgment in an
action or a settlement of a claim under this chapter bars any action
involving the same subject matter by the claimant against the employee of the
governmental unit whose act or omission gave rise to the claim.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.106 (Vernon
1997); see also, e.g., Bell v. Love, 923 S.W.2d 229, 231 (Tex.
App.CHouston [14th
Dist.] 1996, no writ) (stating that petitions= use of phrase Awere put on notice
of this claim pursuant to the Texas Tort Claims Act@ was evidence that
plaintiffs brought suit under the Act); Zaragoza v. City of Grand Prairie,
998 S.W.2d 395, 398 (Tex. App.CTexarkana 1999, no
pet.) (AThe express
language of Section 101.106 bars any action against a government employee where
there is a Tort Claims Act judgment or settlement concerning the same subject
matter.@).  Accordingly, we overrule Whitesell=s first issue.[2]  For the same reasonsCnamely, the
necessity of a final judgment in favor of a governmental entity under the Tort
Claims ActCwe also overrule his second issue, which
essentially asks us to conclude that he is immune from suit under section
101.106 of the Civil Practice and Remedies Code because the school district would
have been immune from suit under the Texas Tort Claims Act.

B.      Immunity
as Professional Employee of School District

We, thus, turn to Whitesell=s third issue, in
which he argues that he is entitled to immunity as a professional employee of
the school district under section 22.051 of the Texas Education Code.  Section 22.0511(a) provides, in relevant
part, as follows:

A professional
employee of a school district is not personally liable for any act that is
incident to or within the scope of the duties of the employee=s position of
employment and that involves the exercise of judgment or discretion on the part
of the employee, except in circumstances in which a professional employee uses
excessive force in the discipline of students or negligence resulting in bodily
injury to students.   

Tex. Educ. Code Ann. ' 22.0511(a)
(Vernon Supp. 2004).

The record reflects that Whitesell
recommended Johnson to Durham, despite knowing of Johnson=s felony
conviction, and this action violated section 22.084(b) of the Education
Code.  Whitesell does not dispute that
his conduct violated section 22.084(b). 
Thus, the pertinent question is whether, despite Whitesell=s violation of the
Education Code, he is immune from liability as a professional employee of a
school district.













Although we cannot find any case
addressing the question of whether a professional employee of a school district
is immune when he has violated section 22.084(b), decisions from our sister
courts support the conclusion that where a school district professional
employee violates a mandatory rule, such as section 22.084(b), he is not immune
under section 22.0511(a).  For example,
in Myers v. Doe, 52 S.W.3d 391, 395B96 (Tex. App.CFort Worth 2001,
pet. denied), the court of appeals concluded that the school=s implementation
of policies and procedures to address a specific instance of sexual abuse
defined the Aduties with such precision as to leave
nothing to the exercise of Appellants= judgment or
discretion.@  Id.
at 396 (citing Downing v. Brown, 935 S.W.2d 112, 114 (Tex. 1996)); cf.
Kobza v. Kutac, 109 S.W.3d 89, 94B95 (Tex. App.CAustin 2003, pet.
denied) (stating that teacher=s creation of Agag@ newspaper article
regarding student, although a violation of the code of ethics, was exercise of
poor judgment; there was no prescription of what a teacher must do to establish
rapport with students and ethics policies did not contain any language specific
to the act about which the student complained). 
The same reasoning applies in this case. 
Section 22.084(a) of the Education Code prescribes that a school Ashall inform@ the chief
personnel officer of the person with whom the school has contracted that a bus
driver has been convicted of a felony. 
Furthermore, that person Amay not@ employ that bus
driver Awithout the
permission of the board of trustees of the district or service center.@  See Tex.
Educ. Code Ann. ' 22.084(b) (Vernon 1996).  In short, section 22.084(a) Aprescribes and
defines the duties to be performed with such precision and certainty as to
leave nothing to the exercise of discretion or judgment@ with respect to
the hiring or recommendation of a bus driver who has been convicted of a
felony.  See Downing, 935 S.W.2d
at 114 (quoting City of Lancaster v. Chambers, 883 S.W.2d 650, 654 (Tex.
1994)).  We conclude that, because the
act complained of by Newsome did not fall into a category of acts permitting
the exercise of Whitesell=s discretion, a fact question is raised,
and summary judgment therefore was properly denied on the basis of Whitesell=s defense of immunity
under section 22.0511(a) of the Education Code.[3]

Having
overruled all issues presented by Whitesell, we affirm the trial court=s denial of summary judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Opinion filed March 2, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson. 

 











[1]  Newsome states
in her brief that Whitesell was a party to the federal court action, but the
record before us does not support that statement.  The federal district court=s order granting summary judgment in favor of BISD
does not reflect that Whitesell was a party to that action.





[2]  Furthermore,
we reject Whitesell=s argument that the federal court=s dismissal of the state-law claims for lack of
subject-matter jurisdictionCacknowledging that the state-law claims could be
pursued in state courtCwas equivalent to a final judgment on the merits.  See Home Builders Ass=n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1013 (5th Cir. 1998) (stating that a
dismissal for lack of subject-matter jurisdiction is not a ruling on the merits
and therefore cannot have res judicata effect and bar plaintiffs from pursuing
claims in state court).





[3]  Our conclusion
in this case does not contradict our earlier decision in Pierson v. Houston
Indep. Sch. Dist., 698 S.W.2d 377 (Tex. App.CHouston
[14th Dist.] 1985, writ ref=d n.r.e.).  In Pierson,
students complained that the school principal and a teacher planned, approved,
and arranged the use of a smoke device on a homecoming parade float in violation
of city and state laws regulating the transportation of explosives.  Id. at 379.  We rejected the students= argument that this alleged violation meant that the
principal and teacher were not immune as professional employees of a school
district.  Id. at 380.  The students cited no authority that the
approval of the smoke device violated city or state laws or that the approval,
even if it was illegal, removed the cloak of immunity.  Id. at 381.  One student judicially admitted that the two
defendants were acting within the scope of their duties.  Id. 
In addition, the defendants=
uncontroverted affidavits established that they were acting within the scope of
their duties in approving and supervising the school-sponsored floats.  Id. 
In this case, Whitesell does not controvert that he violated section
22.084(b) of the Education Code, a provision which clearly delineates the
duties of a professional employee of a school with respect to obtaining
approval for the recommendation of a bus driver that the employee learns is a
convicted felon.  The facts of this case
more closely resemble Myers than Pierson.