Clarence WHITESELL, Appellant,

v.

Nellie NEWSOME, As Next Friend of Jane Doe, A Minor Child, Appellee.

No. 14-03-00834-CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 2, 2004.

Rehearing Overruled June 17, 2004.

Archie Carl Pierce and Mike Thompson, Jr., Austin, for appellant.

Calvin Garvie, Bellville, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant Clarence Whitesell appeals from an interlocutory order denying his motion for summary judgment based on official immunity. Appellee Nellie Newsome filed this lawsuit against Whitesell, asserting claims of negligence and negligence per se, arising out of an incident of sexual misconduct by a bus driver, Todd Johnson, with Jane Doe, a minor child. Johnson had been employed by Brenham Independent School District ("BISD"), where he was supervised by Whitesell. Whitesell presents the following three issues for our review in this accelerated appeal: (1) whether the judgment of a federal district court granting BISD's motion for summary judgment on a 42 U.S.C. § 1983 claim bars the state law claims against Whitesell, pursuant to section 101.106 of the Texas Tort Claims Act; (2) whether summary judgment should have been granted in favor of Whitesell because BISD would have been immune from suit and, as an employee and agent of BISD, he has official immunity; and (3) whether summary judgment should have been granted in favor of Whitesell because he has immunity as a professional employee of a school district, pursuant to section 22.051 of the Texas Education Code. We affirm.

### I. Procedural and Factual Background

In May 1998, Newsome filed a lawsuit in the United States District Court for the Southern District of Texas against BISD, Durham Transportation, Inc. ("Durham"), Todd Johnson, and other individuals. Whitesell was not a party to the federal

lawsuit.[1] Newsome alleged causes of action pursuant to 42 U.S.C. § 1983 and state law claims of battery and negligence. She alleged that Johnson, a school bus driver employed by Durham, a private company, touched Doe, a minor student at BISD, on her thigh and wrote an obscene message on her hand. Johnson was initially employed by BISD as a school bus driver in the fall of 1991. Whitesell, Johnson's supervisor while he was employed by BISD, ran a background check on Johnson in 1991, which showed that Johnson had no prior criminal history. In 1994, however, Whitesell became aware of Johnson's felony conviction involving a burglary of an automobile. BISD outsourced the busing of its students to Durham, and despite knowing of Johnson's felony conviction, Whitesell recommended Johnson to Durham as an approved bus driver. Based on Whitesell's recommendation, Durham employed Johnson as a bus driver.

In her federal court action, Newsome alleged that a constitutional violation occurred as a result of the school district's violation of section 22.084(b) of the Texas Education Code. That provision states, in pertinent part, as follows:

> If the district, school, service center, or shared services arrangement obtains information that a [bus driver or prospective bus driver] has been convicted of a felony or a misdemeanor involving moral turpitude, the district, school, service center, or shared services arrangement shall inform the chief personnel officer of the person with whom the district, school, service center, or shared services arrangement has contracted, and the person may not employ that person to drive a bus on which students are trans-

ported without the permission of the board of trustees of the district or service center, the governing body of the open-enrollment charter school, or the chief executive officer of the private school or shared services arrangement.

TEX. EDUC.CODE ANN. § 22.084(b) (Vernon Supp.2004). The federal district court granted summary judgment on Newsome's 42 U.S.C. § 1983 claim in favor of BISD and Durham on the basis that Whitesell, who made the decision to approve Johnson, did so based on Johnson's work history. The court found that decision was not within Whitesell's authority and that he acted outside the scope of his employment because his decision violated the requirements of section 22.084(b) of the Education Code. The court further concluded BISD was not liable for the alleged injury caused by Whitesell's unauthorized decision. After dismissing Newsome's § 1983 claim, the court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed them for lack of subject-matter jurisdiction. See 28 U.S.C. 1367(c)(3).

Newsome subsequently filed her state court action and alleged claims of negligence and negligence per se against Whitesell, Durham, and Johnson, but not BISD. In Whitesell's affidavit filed in the federal lawsuit, submitted as summary judgment evidence in this lawsuit, he said that he did learn that Johnson had been charged with burglary of an automobile. He testified that he was satisfied Johnson had not "personally been involved in any violence against another person, it did not involve drugs, and it did not involve sexual misconduct." Whitesell said, "I, therefore, saw no reason to terminate his employ-

---

1. Newsome states in her brief that Whitesell was a party to the federal court action, but the record before us does not support that statement. The federal district court's order granting summary judgment in favor of BISD does not reflect that Whitesell was a party to that action.

ment with [BISD] in light of his otherwise very good job performance." Whitesell further testified that he provided Durham with a list of employees who were qualified to drive buses for BISD, including the fact that they had the requisite criminal record check, and Johnson was on that list. Whitesell filed two motions for summary judgment, both of which were denied by the trial court. This accelerated appeal from the denial of summary judgment based on immunity followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1999).

## II. Analysis

Whitesell filed a traditional motion for summary judgment, and therefore had the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R.APP. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). As a defendant, he must conclusively negate at least one essential element of each of Newsome's causes of action or conclusively establish each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). His motion rested on the affirmative defense of immunity. In deciding whether a disputed material fact issue exists precluding summary judgment on Whitesell's affirmative defense, we resolve every reasonable inference in favor of Newsome and take all evidence favorable to her as true. *See Science Spectrum*, 941 S.W.2d at 911.

## A. Official Immunity

 In Whitesell's first and second issues, he argues that the federal court's

judgment in favor of BISD dictates that he is immune from Newsome's lawsuit pursuant to section 101.106 of the Civil Practice and Remedies Code. Whitesell's argument fails because the basis for the federal court's order was that BISD was not liable under section 42 U.S.C. § 1983; the court did not rule that BISD was not liable pursuant to the Texas Tort Claims Act. Section 101.106 of the Civil Practice and Remedies Code provides as follows: "A judgment in an action or a settlement of a claim *under this chapter* bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 1997); *see also, e.g., Bell v. Love*, 923 S.W.2d 229, 231 (Tex.App.-Houston [14th Dist.] 1996, no writ) (stating that petitions' use of phrase "were put on notice of this claim pursuant to the Texas Tort Claims Act" was evidence that plaintiffs brought suit under the Act); *Zaragoza v. City of Grand Prairie*, 998 S.W.2d 395, 398 (Tex.App.-Texarkana 1999, no pet.) ("The express language of Section 101.106 bars any action against a government employee where there is a Tort Claims Act judgment or settlement concerning the same subject matter."). Accordingly, we overrule Whitesell's first issue.[2] For the same reasons—namely, the necessity of a final judgment in favor of a governmental entity under the Tort Claims Act—we also overrule his second issue, which essentially asks us to conclude that he is immune from suit under section 101.106 of the Civil Practice and Remedies

2. Furthermore, we reject Whitesell's argument that the federal court's dismissal of the state-law claims for lack of subject-matter jurisdiction—acknowledging that the state-law claims could be pursued in state court—was equivalent to a final judgment on the merits. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1013 (5th Cir. 1998) (stating that a dismissal for lack of subject-matter jurisdiction is not a ruling on the merits and therefore cannot have res judicata effect and bar plaintiffs from pursuing claims in state court).

Code because the school district *would* have been immune from suit under the Texas Tort Claims Act.

## B. Immunity as Professional Employee of School District

■ We, thus, turn to Whitesell's third issue, in which he argues that he is entitled to immunity as a professional employee of the school district under section 22.051 of the Texas Education Code. Section 22.0511(a) provides, in relevant part, as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC.CODE ANN. § 22.0511(a) (Vernon Supp.2004).

The record reflects that Whitesell recommended Johnson to Durham, despite knowing of Johnson's felony conviction, and this action violated section 22.084(b) of the Education Code. Whitesell does not dispute that his conduct violated section 22.084(b). Thus, the pertinent question is whether, despite Whitesell's violation of the Education Code, he is immune from liability as a professional employee of a school district.

Although we cannot find any case addressing the question of whether a professional employee of a school district is immune when he has violated section 22.084(b), decisions from our sister courts support the conclusion that where a school district professional employee violates a mandatory rule, such as section 22.084(b), he is not immune under section 22.0511(a).

For example, in *Myers v. Doe*, 52 S.W.3d 391, 395–96 (Tex.App.-Fort Worth 2001, pet. denied), the court of appeals concluded that the school's implementation of policies and procedures to address a specific instance of sexual abuse defined the "duties with such precision as to leave nothing to the exercise of Appellants' judgment or discretion." *Id.* at 396 (citing *Downing v. Brown*, 935 S.W.2d 112, 114 (Tex.1996)); *cf. Kobza v. Kutac*, 109 S.W.3d 89, 94–95 (Tex.App.-Austin 2003, pet. denied) (stating that teacher's creation of "gag" newspaper article regarding student, although a violation of the code of ethics, was exercise of poor judgment; there was no prescription of what a teacher must do to establish rapport with students and ethics policies did not contain any language specific to the act about which the student complained). The same reasoning applies in this case. Section 22.084(a) of the Education Code prescribes that a school "shall inform" the chief personnel officer of the person with whom the school has contracted that a bus driver has been convicted of a felony. Furthermore, that person "may not" employ that bus driver "without the permission of the board of trustees of the district or service center." *See* TEX. EDUC.CODE ANN. § 22.084(b) (Vernon 1996). In short, section 22.084(a) "prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment" with respect to the hiring or recommendation of a bus driver who has been convicted of a felony. *See Downing*, 935 S.W.2d at 114 (quoting *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994)). We conclude that, because the act complained of by Newsome did not fall into a category of acts permitting the exercise of Whitesell's discretion, a fact question is raised, and summary judgment therefore was properly

denied on the basis of Whitesell's defense of immunity under section 22.0511(a) of the Education Code.[3]

Having overruled all issues presented by Whitesell, we affirm the trial court's denial of summary judgment.

**3.** Our conclusion in this case does not contradict our earlier decision in *Pierson v. Houston Indep. Sch. Dist.*, 698 S.W.2d 377 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). In *Pierson*, students complained that the school principal and a teacher planned, approved, and arranged the use of a smoke device on a homecoming parade float in violation of city and state laws regulating the transportation of explosives. *Id.* at 379. We rejected the students' argument that this alleged violation meant that the principal and teacher were not immune as professional employees of a school district. *Id.* at 380. The students cited no authority that the approval of the smoke device violated city or state laws or that the approval, even if it was illegal, removed the cloak of immunity. *Id.* at 381. One student judicially admitted that the two defendants were acting within the scope of their duties. *Id.* In addition, the defendants' uncontroverted affidavits established that they were acting within the scope of their duties in approving and supervising the school-sponsored floats. *Id.* In this case, Whitesell does not controvert that he violated section 22.084(b) of the Education Code, a provision which clearly delineates the duties of a professional employee of a school with respect to obtaining approval for the recommendation of a bus driver that the employee learns is a convicted felon. The facts of this case more closely resemble *Myers* than *Pierson*.