Affirmed and Opinion filed March 28, 2006









Affirmed and Opinion filed March 28, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00078-CV

_______________

 

LEROY WILSON, Appellant

 

V.

 

HARRIS COUNTY WATER CONTROL &
IMPROVEMENT DISTRICT #21 

AND MIKE BUCKNER, Appellees

________________________________________________________

 

On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 97‑14836

________________________________________________________

 

O P I N I O N

In this appeal, Leroy Wilson appeals a judgment in favor of
the Harris County Water Control and Improvement District #21 (Water District)
and Mike Buckner on the grounds that the Water District and Buckner failed to
establish immunity as a matter of law. 
We affirm.

I. 
Factual and Procedural Background








On March 28, 1996, Wilson went to the Water District offices
to visit a friend.  While he was there,
Wilson sat in a rolling chair with his feet on a table in the control room, and
engaged in conversation with several other Water District employees.  Michael Buckner, an employee of the Water
District, walked into the control room to write an address of a job site on the
chalkboard.  Buckner needed to cross the
room to get to the chalkboard, but his path was blocked, so he had no choice
but to pass by Wilson.  Because Wilson
was resting his feet on the table while reclining in the chair, Buckner lifted
Wilson=s feet from the table to pass.  When Buckner lifted Wilson=s feet, the chair moved.  In his deposition, Buckner stated that when
the chair moved, he held on to Wilson=s feet while Wilson braced himself
with his hands.  Buckner stated that
Wilson regained his balance and sat back down in the chair.  Wilson stated in his deposition that Buckner
removed his feet from the table, and the next thing he remembered, he was
sitting on the floor.  

Wilson filed suit against the Water District and Buckner
alleging Buckner negligently used the chair and table by lifting Wilson=s feet off the table in his effort to
get by Wilson.  Wilson alleged negligence
in the use of tangible personal property and premises defect.  Wilson further filed suit against the
manufacturer of the chair alleging its product was defective.  The Water District and Buckner moved for
summary judgment asserting that Wilson=s allegations did not fall within the
waiver of sovereign immunity provided by the Texas Tort Claims Act because
there was no premises defect and because there was no use or misuse of tangible
personal property.  Buckner moved for
summary judgment alleging he was immune because he was performing discretionary
duties in good faith while acting within the scope of his employment.  The trial court granted summary judgment for
the Water District finding no issue of material fact as to any cause of action
under section 101.021(2) of the Tort Claims Act, which based liability on the
use or misuse of tangible personal property. See Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(2).  The trial court granted summary judgment for
Buckner finding no issue of fact existed to support Wilson=s allegations.  Wilson subsequently amended his pleadings to
delete the cause of action for premises defect. The chair company subsequently
filed a suggestion of bankruptcy.  Almost
nine years after the incident, Wilson filed a non-suit against the chair
company making the summary judgments final on January 21, 2005.








II. 
Standard of Review 

Under the traditional standard for summary judgment, the
movant has the burden to show there is no genuine issue of material fact and
that judgment should be granted as a matter of law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999). 
In reviewing a grant of summary judgment, we take as true all evidence
favorable to the nonmovant and make all reasonable inferences in the nonmovant=s favor.  Nixon v. Mr. Property Mgmt. Co., 690
S.W.2d 546, 549 (Tex. 1985). A defendant, as movant, is entitled to summary
judgment if it (1) disproves at least one element of the plaintiff=s theory of recovery, or (2) pleads
and conclusively establishes each essential element of an affirmative defense,
thereby rebutting the plaintiff=s cause of action.  Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 

III. 
Immunity

A.        Sovereign
Immunity

In his first two issues, Wilson contends the Water District
and Buckner failed to establish as a matter of law that Buckner was performing
a discretionary action in good faith. In his third and fourth issues, Wilson
contends Buckner=s immunity cannot be imputed to the Water District.








Sovereign immunity from suit defeats a trial court=s subject matter jurisdiction unless
the state expressly consents to the suit. 
Tex. Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  Governmental immunity affords similar
protection to subdivisions of the state, including counties, cities, and school
districts. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004).  The Texas Tort Claims Act provides a limited
waiver of governmental immunity if certain conditions are met.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021.  Section 101.021(2) provides, Aa governmental unit in the state is
liable for: (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.@ 


Wilson alleges the Water District waived immunity in this
case because in moving Wilson=s feet, Buckner used or misused the chair in which Wilson was
sitting.  For use of property to occur
under the Texas Tort Claims Act, one must Aput or bring@ the property into Aaction or service.@ 
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex.
1996).  For the property exception to
apply, a plaintiff must allege a cause of action in which the tangible property
is the instrumentality of the harm.  Texas
Dep=t of Crim. Justice v. Diller, 127 S.W.3d 7, 11 (Tex. App.CTyler 2002, pet. denied).  Property does not cause injury if it does no
more than furnish the condition that makes the injury possible.  Dallas County Mental Health and Mental
Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998).

Here, the property was not the instrumentality of the
harm.  Buckner=s lifting of Wilson=s feet does not qualify as a use of
tangible personal property.  Wilson was
using the property in that he was sitting in the chair and resting his feet on
the table.  Section 101.021(2) waives
immunity for a use of personal property only when the governmental unit or
employee is the user.  San Antonio
State Hosp. v. Cowan, 128 S.W.3d 244, 245B46 (Tex. 2004).  The trial court correctly granted summary
judgment because Buckner did not use the chair or the table.  Because the chair and table were being used
by Wilson, not Buckner, the limited waiver of governmental immunity found in
section 101.021(2) of the Texas Tort Claims Act does not apply to the Water
District.  Therefore, the Water District
is protected by governmental immunity.

B.        Official
Immunity








Sovereign immunity and official immunity are not synonymous.
Official immunity protects individual officials from liability.  DeWitt v. Harris County, 904 S.W.2d
650, 653 (Tex. 1995).  Official immunity
inures to all governmental employees who perform discretionary functions in
good faith and within their authority.  City
of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994).  Ordinarily, to obtain summary judgment on the
basis of official immunity, the movant must conclusively establish that the
employee in question was: (1) performing discretionary duties; (2) that were
within the scope of the employee=s authority; and (3) the employee
acted in good faith.  Telthorster v.
Tennell, 92 S.W.3d 457, 461 (Tex. 2002). 

In this case, however, Wilson sued both the governmental
entity and sued the employee in his official capacity.  Section 101.106 of the Texas Tort Claims Act
provides that A[a] judgment in an action or a
settlement of a claim under this chapter bars any action involving the same
subject matter by the claimant against the employee of the governmental unit
whose act or omission gave rise to the claim.@ 
See Act of May 17, 1985, 69th Leg.,
R.S., Ch. 959, ' 1, sec.
101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version
at Tex. Civ. Prac. & Rem. Code Ann.
' 101.106 (Vernon 2005)).[1]  Section 101.106 provides that a judgment in
an action against a governmental entity bars any action against an employee
arising out of the same subject matter.  Sykes,
136 S.W.3d at 640; Schauer v. Morgan, 175 S.W.3d 397, 400 (Tex. App.CHouston [1st Dist.] 2005, no
pet.).  The purpose of section 101.106 is
to protect employees of a governmental unit from liability when a judgment or
settlement has been obtained from the government employer pursuant to a claim
under chapter 101 of the Texas Tort Claims Act.[2]  Sykes, 136 S.W.3d at 640.  








Section 101.106 is an unequivocal grant of immunity to the
governmental employee when a suit against the governmental entity has proceeded
to judgment.  Bossley, 968 S.W.2d
at 343.  The relevant inquiry is whether
the plaintiff=s claims against the governmental
entity arise under the Texas Tort Claims Act. 
See Bell v. Love, 923 S.W.2d 229, 233 (Tex. App.CHouston [14th Dist.] 1996, no writ).
Once a plaintiff invokes the Texas Tort Claims Act, as Wilson has done here, to
bring a cause of action against a governmental entity, he is bound by the
limitations and remedies provided in the statute.  State Dep=t of Highways & Pub. Transp. v.
Dopyera, 834 S.W.2d
50, 54 (Tex. 1992).  The fact that the
judgments were rendered simultaneously has no bearing on Buckner=s ability to assert the defense.  Zaragoza v. City of Grand Praire, 998
S.W.2d 395, 398 (Tex. App.CTexarkana 1999, no pet.). Because we have upheld the judgment
in favor of the Water District, Wilson=s action against Buckner is barred by
section 101.106 of the Texas Tort Claims Act.[3]  Appellant=s issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed March 28, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

 

 











[1]  Because Wilson=s action was filed prior to September 1, 2003, the
previous version of the code section applies. 
The current version of section 101.106 provides that Athe filing of a suit under this chapter against a
governmental unit constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff against any
individual employee of the governmental unit regarding the same subject matter.@  Tex. Civ. Prac. & Rem. Code Ann. ' 101.106 (Vernon 2005).





[2]  At oral
argument, Wilson contended that because Buckner did not raise section 101.106
at trial, he had waived his right to rely on section 101.106.  Wilson alleges any bar provided under section
101.106 constitutes an affirmative defense that must be raised by the defendant
at trial.  The supreme court has held,
however, that the failure to raise the bar under section 101.106 at trial does
not waive the defense because section 101.106 cannot be asserted until after
final judgment against the governmental unit. 
Thomas v. Oldham, 895 S.W.2d 352, 358 (Tex. 1995).





[3]  Because we
conclude section 101.106 is dispositive of Wilson=s
claims, we need not address Wilson=s
official immunity issues.