**Leroy WILSON, Appellant,**

v.

**HARRIS COUNTY WATER CONTROL & IMPROVEMENT DISTRICT # 21 and Mike Buckner, Appellees.**

**No. 14–05–00078–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 2006.

Rehearing Overruled June 8, 2006.

Scot Gibbons Dollinger, Houston, for appellant.

Brett J. Sileo, Britton B. Harris, Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

In this appeal, Leroy Wilson appeals a judgment in favor of the Harris County Water Control and Improvement District # 21 (Water District) and Mike Buckner on the grounds that the Water District and Buckner failed to establish immunity as a matter of law. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 1996, Wilson went to the Water District offices to visit a friend. While he was there, Wilson sat in a rolling chair with his feet on a table in the control room, and engaged in conversation with several other Water District employees. Michael Buckner, an employee of the Water District, walked into the control room to write an address of a job site on the chalkboard. Buckner needed to cross the room to get to the chalkboard, but his path was blocked, so he had no choice but to pass by Wilson. Because Wilson was resting his feet on the table while reclining in the chair, Buckner lifted Wilson's feet from the table to pass. When Buckner lifted Wilson's feet, the chair moved. In his deposition, Buckner stated that when the chair moved, he held on to Wilson's feet while Wilson braced himself with his hands. Buckner stated that Wilson regained his balance and sat back down in the chair. Wilson stated in his deposition that Buckner removed his feet from the table, and the next thing he remembered, he was sitting on the floor.

Wilson filed suit against the Water District and Buckner alleging Buckner negli-

gently used the chair and table by lifting Wilson's feet off the table in his effort to get by Wilson. Wilson alleged negligence in the use of tangible personal property and premises defect. Wilson further filed suit against the manufacturer of the chair alleging its product was defective. The Water District and Buckner moved for summary judgment asserting that Wilson's allegations did not fall within the waiver of sovereign immunity provided by the Texas Tort Claims Act because there was no premises defect and because there was no use or misuse of tangible personal property. Buckner moved for summary judgment alleging he was immune because he was performing discretionary duties in good faith while acting within the scope of his employment. The trial court granted summary judgment for the Water District finding no issue of material fact as to any cause of action under section 101.021(2) of the Tort Claims Act, which based liability on the use or misuse of tangible personal property. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2). The trial court granted summary judgment for Buckner finding no issue of fact existed to support Wilson's allegations. Wilson subsequently amended his pleadings to delete the cause of action for premises defect. The chair company subsequently filed a suggestion of bankruptcy. Almost nine years after the incident, Wilson filed a non-suit against the chair company making the summary judgments final on January 21, 2005.

## II. STANDARD OF REVIEW

■ Under the traditional standard for summary judgment, the movant has the burden to show there is no genuine issue of material fact and that judgment should be granted as a matter of law. Tex.R. Civ. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In reviewing a grant of summary judgment, we take as true all evidence favorable to the nonmovant and make all reasonable inferences in the nonmovant's favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985). A defendant, as movant, is entitled to summary judgment if it (1) disproves at least one element of the plaintiff's theory of recovery, or (2) pleads and conclusively establishes each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997).

## III. IMMUNITY

### A. Sovereign Immunity

In his first two issues, Wilson contends the Water District and Buckner failed to establish as a matter of law that Buckner was performing a discretionary action in good faith. In his third and fourth issues, Wilson contends Buckner's immunity cannot be imputed to the Water District.

■ Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to the suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity affords similar protection to subdivisions of the state, including counties, cities, and school districts. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004). The Texas Tort Claims Act provides a limited waiver of governmental immunity if certain conditions are met. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021. Section 101.021(2) provides, "a governmental unit in the state is liable for: (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law."

■ Wilson alleges the Water District waived immunity in this case because in moving Wilson's feet, Buckner used or misused the chair in which Wilson was sitting. For use of property to occur under the Texas Tort Claims Act, one must "put or bring" the property into "action or service." *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996). For the property exception to apply, a plaintiff must allege a cause of action in which the tangible property is the instrumentality of the harm. *Texas Dep't of Criminal Justice v. Diller*, 127 S.W.3d 7, 11 (Tex.App.-Tyler 2002, pet. denied). Property does not cause injury if it does no more than furnish the condition that makes the injury possible. *Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998).

■ Here, the property was not the instrumentality of the harm. Buckner's lifting of Wilson's feet does not qualify as a use of tangible personal property. Wilson was using the property in that he was sitting in the chair and resting his feet on the table. Section 101.021(2) waives immunity for a use of personal property only when the governmental unit or employee is the user. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex.2004). The trial court correctly granted summary judgment because Buckner did not use the chair or the table. Because the chair and table were being used by Wilson, not Buckner, the limited waiver of governmental immunity found in section 101.021(2) of the Texas Tort Claims Act does not apply to the Water District. Therefore, the Water District is protected by governmental immunity.

## B. Official Immunity

■ Sovereign immunity and official immunity are not synonymous. Official immunity protects individual officials from liability. *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995). Official immunity inures to all governmental employees who perform discretionary functions in good faith and within their authority. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Ordinarily, to obtain summary judgment on the basis of official immunity, the movant must conclusively establish that the employee in question was: (1) performing discretionary duties; (2) that were within the scope of the employee's authority; and (3) the employee acted in good faith. *Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex.2002).

■ In this case, however, Wilson sued the governmental entity and sued the employee in his official capacity. Section 101.106 of the Texas Tort Claims Act provides that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See* Act of May 17, 1985, 69th Leg., R.S., Ch. 959, § 1, sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005)).[1] Section 101.106 provides that a judgment in an action against a governmental entity bars any action against an employee arising out of the same subject matter. *Sykes*, 136 S.W.3d at 640; *Schauer v. Morgan*, 175

1. Because Wilson's action was filed prior to September 1, 2003, the previous version of the code section applies. The current version of section 101.106 provides that "the filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005).

S.W.3d 397, 400 (Tex.App.-Houston [1st Dist.] 2005, no pet.). The purpose of section 101.106 is to protect employees of a governmental unit from liability when a judgment or settlement has been obtained from the government employer pursuant to a claim under chapter 101 of the Texas Tort Claims Act.[2] *Sykes*, 136 S.W.3d at 640.

 Section 101.106 is an unequivocal grant of immunity to the governmental employee when a suit against the governmental entity has proceeded to judgment. *Bossley*, 968 S.W.2d at 343. The relevant inquiry is whether the plaintiff's claims against the governmental entity arise under the Texas Tort Claims Act. *See Bell v. Love*, 923 S.W.2d 229, 233 (Tex.App.-Houston [14th Dist.] 1996, no writ). Once a plaintiff invokes the Texas Tort Claims Act, as Wilson has done here, to bring a cause of action against a governmental entity, he is bound by the limitations and remedies provided in the statute. *State Dep't of Highways & Pub. Transp. v. Dopyera*, 834 S.W.2d 50, 54 (Tex.1992). The fact that the judgments were rendered simultaneously has no bearing on Buckner's ability to assert the defense. *Zaragoza v. City of Grand Prairie*, 998 S.W.2d 395, 398 (Tex.App.-Texarkana 1999, no pet.). Because we have upheld the judgment in favor of the Water District, Wilson's action against Buckner is barred by section 101.106 of the Texas Tort Claims Act.[3] Appellant's issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

---

2. At oral argument, Wilson contended that because Buckner did not raise section 101.106 at trial, he had waived his right to rely on section 101.106. Wilson alleges any bar provided under section 101.106 constitutes an affirmative defense that must be raised by the defendant at trial. The supreme court has held, however, that the failure to raise the bar under section 101.106 at trial does not waive the defense because section 101.106 cannot be asserted until after final judgment against the governmental unit. *Thomas v. Oldham*, 895 S.W.2d 352, 358 (Tex. 1995).

3. Because we conclude section 101.106 is dispositive of Wilson's claims, we need not address Wilson's official immunity issues.