ACCEPTED
15-25-00124-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/17/2025 5:04 PM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-25-00124-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/17/2025 5:04:59 PM
CHRISTOPHER A. PRINE
Clerk

Court of Appeals of Texas
Fifteenth District

**BRIAN BECKCOM**
*Appellant*

v.

**TEXAS A&M UNIVERSITY**
*Appellee*

On Appeal from a Dismissal of a Petition for Writ of Mandamus
85th District Court; Bryan County, Texas
Cause No. 24-003177-CV-85
Hon. Kyle Hawthorne, Presiding

**APPELLANT'S BRIEF**

MATTHEW J. KITA
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

COUNSEL FOR APPELLANT

Oral Argument Requested

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**          **Brian A. Beckcom**

*Appellate Counsel:*    Matthew J. Kita
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

*Trial Counsel:*        Hunter Shurtleff
Texas Bar No. 00794629
Shurtleff Law Firm, PC
P.O. Box 9618
College Station, Texas 77842-9618
(979) 446-4012
hunter@shurtlefflaw.com

Brian A. Beckcom
VB Attorneys
6363 Woodway, Suite 400
Houston, Texas 77057
(713) 224-7800
brian@vbattorneys.com

**Appellee:**           **Texas A&M University**

*Appellate and*         Jason T. Contreras
*Trial Counsel:*        Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2120
jason.contreras@oag.texas.gov

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................2

Index of Authorities ..............................................................................5

Statement of the Case ............................................................................7

Statement Regarding Oral Argument............................................................8

Issue Presented ....................................................................................9

Statement of Facts ..............................................................................10

    A.    This proceeding is governed by the provisions of the Public Information Act. ....................................................................10

    B.    Beckcom requests information regarding the University's DEI initiatives. ..................................................................... 13

    C.    Beckcom requests information regarding a University investigation of the Corps of Cadets' "Squadron 17." ............ 15

    D.    Beckcom sues for a writ of mandamus to compel the University's compliance with his requests. ............................. 16

    E.    The University challenges the district court's subject-matter jurisdiction to consider Beckcom's petition............................. 17

    F.    The University's arguments in support of withholding information. .......................................................... 19

    G.    Beckcom's response to the University's jurisdictional challenge..............................................................20

    H.    The district court holds a hearing on Beckcom's petition and the University's plea..............................................22

I.     The district court denies the University's plea but *dismisses* Beckcom's petition *with prejudice*..............................................23

Argument...........................................................................................26

A.     Because the district court granted relief that was "tantamount to the granting of a summary judgment," the same standard of review applies on appeal. ......................................................26

B.     The University failed to conclusively establish that it obtained a decision from the Attorney General that permitted it to withhold information from Beckcom. ......................................29

1.     There is a genuine factual dispute as to whether the Attorney General reviewed information that was responsive to Beckcom's requests about the University's DEI initiatives...............................................................29

2.     There is a genuine factual dispute as to whether the University may rely on the "student-records exception" to Beckcom's request for information about the "Squadron 17" investigation. .......................................32

Conclusion .......................................................................................36

Certificate of Compliance .................................................................37

# Index of Authorities

**Cases**

*Bland Indep. Sch. Dist. v. Blue*,
34 S.W.3d 547 (Tex. 2000) ....................................................................28

*Bugle Shipping Co. Ltd. v. Sheikh*,
No. 14-22-00470-CV, 2023 WL 7034213
(Tex. App.—Houston [14th Dist.] Oct. 26, 2023, no pet.) .....................33

*Draughon v. Johnson*,
631 S.W.3d 81 (Tex. 2021) ..............................................................28, 29

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
143 F.3d 1006 (5th Cir. 1998) ................................................................28

*M.D. Anderson Hosp. & Tumor Inst. v. Willrich*,
28 S.W.3d 22 (Tex. 2000) .......................................................................29

*Mack Trucks, Inc. v. Tamez*,
206 S.W.3d 572 (Tex. 2006) ...................................................................29

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ...................................................................28

*Thomas v. Long*,
207 S.W.3d 334 (Tex. 2006) ...................................................................28

*Univ. of Tex. at Austin v. GateHouse Media Tex. Holdings II, Inc.*,
711 S.W.3d 655 (Tex. 2024) .......................................................12, 33, 35

*Whitesell v. Newsome*,
138 S.W.3d 393 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ..28

**Statutes**

20 U.S.C. § 1232g ................................................................ 12, 33, 35

Tex. Gov't Code § 552.001 .................................................. 10

Tex. Gov't Code § 552.002 .................................................. 11

Tex. Gov't Code § 552.101 .................................................. 11

Tex. Gov't Code § 552.114 .................................................. 12, 33, 35

Tex. Gov't Code § 552.221 .................................................. 11

Tex. Gov't Code § 552.301 .................................................. 11

Tex. Gov't Code § 552.302 .................................................. 12, 32, 36

Tex. Gov't Code § 552.321 .................................................. 7, 12, 20, 30

Tex. Gov't Code § 552.322 .................................................. 12

Tex. Gov't Code § 552.3221 ................................................ 12

## STATEMENT OF THE CASE

**Nature of the Case:**     After Appellee denied Appellant's request for documents under the Public Information Act, Appellant filed a petition for a writ of mandamus to compel their production.[1]

**Course of Proceedings:**     Appellee filed a plea to the jurisdiction.[2]

**Trial Court's Disposition:**     Denied Appellee's plea to the jurisdiction but *dismissed* Appellant's petition *with prejudice*.[3]

---

[1] App'x 10–11, 13–14; Tex. Gov't Code § 552.321.

[2] App'x 19–43.

[3] App'x 585.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully submits that oral argument would assist this Court in its deliberations because:

— This case has a complicated procedural history, as reflected by a record that includes nearly 3,000 pages of documents;

— This case presents novel questions regarding statutory mandamus proceedings under the Public Information Act; and

— This Court's resolution of the issue may have substantial implications for Public Information Act requests from the state's public universities.

## ISSUE PRESENTED

A.  The Texas Public Information Act requires governmental bodies to produce properly requested information unless a specific statutory exception applies. And to determine whether an exception applies, the governmental body must request an opinion from the Attorney General. In a suit to compel the disclosure of such information, can a governmental body rely on a previous decision from the Attorney General without presenting evidence to the trial court that demonstrates how the previous decision applies to the present request?

B.  The Public Information Act also contains an exception to the above-stated rule that permits public universities to withhold information from responses to requests—without seeking a decision from the Attorney General—if the information that would be produced is *directly related* to a student. In a suit to compel the disclosure of such information, can a public university withhold such information without presenting evidence to the trial court that substantiates its reliance on this exception?

## STATEMENT OF FACTS

**A.  This proceeding is governed by the provisions of the Public Information Act.**

This appeal arises out of a statutory mandamus proceeding that is authorized by the Texas Public Information Act. Accordingly, before addressing the specific facts of this dispute, the Court should first consider the statutory scheme at issue, the provisions of which are not (and cannot be) disputed.

The Act, which is codified in chapter 552 of the Government Code, has a preamble that addresses the proper construction of its provisions:

> Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. The provisions of this chapter shall be liberally construed to implement this policy…[and] in favor of granting a request for information.[4]

---

[4] Tex. Gov't Code § 552.001.

The Act defines "public information" as "information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the governmental body owns the information or has a right of access to it."[5] And upon receiving a request for public information, a governmental body must promptly produce the information for inspection, duplication, or both.[6]

The Act does contain exceptions, however, for information that is "considered to be confidential by law, either constitutional, statutory, or by judicial decision."[7] If a governmental body receives a written request for information that it (a) wishes to withhold from public disclosure and (b) considers to be within one of these exceptions, it must ask the Attorney General for a decision about whether the information is within that exception.[8] Importantly for the facts in this case, however, there is also an exception to the rule regarding exceptions: If the request at issue involves

---

[5] Tex. Gov't Code § 552.002.

[6] Tex. Gov't Code § 552.221.

[7] Tex. Gov't Code § 552.101. The codified exceptions are found in §§ 552.102–.164.

[8] Tex. Gov't Code § 552.301.

"records, files, documents, and other materials" that "contain information *directly related* to a student [or an applicant],"[9] the University is *not* required to seek a decision from the Attorney General.[10]

But if the governmental body fails to timely request such a decision when a request is required, the information is presumed to be subject to public disclosure[11] and the Act permits the requestor to "file suit [in a district court] for a writ of mandamus compelling [the] governmental body to make information available for public inspection."[12] The Act also permits district courts to "order that the information at issue may be discovered only under a protective order,"[13] and permits governmental bodies to file "the information at issue" with the district court "for an in camera inspection as is necessary for the adjudication of the case."[14] Aside from these provisions, however, the Act is silent as to the procedures that govern these "suits."

---

[9] Tex. Gov't Code § 552.114(a); 20 U.S.C. § 1232g(a)(4)(A) (emphasis added).

[10] *Univ. of Tex. at Austin v. GateHouse Media Tex. Holdings II, Inc.*, 711 S.W.3d 655, 665 (Tex. 2024).

[11] Tex. Gov't Code § 552.302.

[12] Tex. Gov't Code § 552.321(a).

[13] Tex. Gov't Code § 552.322.

[14] Tex. Gov't Code § 552.3221(a).

**B. Beckcom requests information regarding the University's DEI initiatives.**

In February 2024, Appellant Brian Beckcom made a Public Information Act request from Appellee Texas A&M University in which he sought information regarding diversity, equity, and inclusion initiatives for the University's Corps of Cadets.[15] A month later, the University produced some documents, but informed Beckcom that because he agreed to the *redaction* of certain information, it also *withheld* information that was responsive to his request.[16] Following an e-mail discussion with Beckcom's counsel,[17] the University informed Beckcom that if he withdrew his consent to redactions, it would seek an opinion from the Attorney General—provided that the University had not already obtained "an applicable letter ruling on the same information."[18]

In a separate e-mail, the University informed Beckcom that it had already "received multiple letter rulings" addressing its compliance with a newly enacted statute addressing diversity, equity, and inclusion initiatives

---

[15] App'x 13–14.

[16] App'x 1588.

[17] App'x 1635–41.

[18] App'x 1640.

that covered "various groups of information."[19] The University attached "one of the letter rulings that we could locate most quickly" to its e-mail, noting "the reasoning is the same for all of them."[20]

After Beckcom withdrew his consent for the redactions,[21] the University sent a letter to the Attorney General.[22] In that correspondence, the University informed the Attorney General that it *was* withholding information from Beckcom because *the University believed* that information responsive to Beckcom's request was "subject to a prior [Attorney General] decision."[23] The prior Attorney General decision to which the University referred included the following statements:

> Texas A&M University received a request for information pertaining to specified information relating to diversity, equity, and inclusion initiatives. You claim the submitted information is excepted from disclosure under section 552.101 of the Government Code. **We have considered the exception you claim and reviewed the submitted representative sample of information.**[24]

---

[19] App'x 1638.

[20] App'x 1638.

[21] App'x 1638.

[22] App'x 1643–46.

[23] App'x 1644.

[24] App'x 1647 (emphasis added).

The decision included a footnote after the boldfaced text above which stated:

> We assume the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. **This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.**[25]

There is no evidence in the record suggesting that the Attorney General responded to the University's correspondence about *Beckcom's* request.

## C. Beckcom requests information regarding a University investigation of the Corps of Cadets' "Squadron 17."

Beckcom sent the University a separate Public Information Act request in March 2024.[26] In this request, Beckcom sought information related to the University's investigation of "Squadron 17,"[27] a unit of the Corps of Cadets in which Beckcom's son is a member.[28] The University informed him that it would produce some redacted documents, but would also withhold information that was responsive to his request.[29]

---

[25] App'x 1647 (emphasis added).

[26] App'x 10–11.

[27] App'x 10–11.

[28] App'x 2786.

[29] App'x 135–36.

**D. Beckcom sues for a writ of mandamus to compel the University's compliance with his requests.**

Between March and November 2024, Beckcom initiated three separate proceedings in a Brazos County district court in which he sought writs of mandamus compelling the University to comply with his Public Information Act requests.[30] Beckcom nonsuited the first-filed matter[31] and the parties agreed to consolidate the remaining two under the second suit's cause number.[32]

Although Beckcom's petitions originally also addressed Public Information Act requests not discussed above, he amended his petition in March 2025 to narrow the court's focus to these two requests.[33] The amended petition cited the Act when identifying the district court's subject-matter jurisdiction,[34] referenced and attached the two requests that are the

---

[30] App'x 45–48 (Cause No. 24-000902-CV-85); 106–12 (Cause No. 24-003177-85-CV); 114–19 (Cause No. 2024-003358-CV-85). Although Beckcom also sought—and then non-suited—a proceeding for injunctive relief against the University in a Harris County district court, App'x 102, the arguments presented in that case were not presented to the district court in *this* case and, accordingly, are not relevant to the issues presented in this appeal.

[31] App'x 95–96.

[32] App'x 16.

[33] App'x 4–8.

[34] App'x 5.

subject of his suit[35] and, in his prayer for relief, asked the district court to order the University "to produce the requested documents and information or perform an in-camera review of the materials to determine the applicability of the alleged privileges."[36] Beckcom never filed a motion for summary judgment, nor did he file any additional documents seeking affirmative relief.

**E.     The University challenges the district court's subject-matter jurisdiction to consider Beckcom's petition.**

In response to Beckcom's *first*-filed suit, the University challenged his standing to pursue mandamus relief in the district court.[37] According to the University, the evidence attached to its plea supported its arguments that it "met its obligations under the Public Information Act."[38] And based on its belief that "there was no violation of the Public Information Act that can be redressed by this lawsuit," the University argued that the district court lacked subject-matter jurisdiction to consider Beckcom's arguments that the

---

[35] App'x 10–11, 13–14.

[36] App'x 7.

[37] App'x 579–612.

[38] App'x 579; 614–1581 (evidence); 1582–2433 (first supplement to evidence); 2434–2775 (second supplement to evidence).

University *did* violate the Public Information Act.[39] These jurisdictional allegations notwithstanding, the University also asked the district court to dismiss Beckcom's suit *with prejudice*.[40]

The University reiterated these arguments in an *amended* its plea in response to Beckcom's *third*-filed suit.[41] After the district court signed the parties agreed consolidation order,[42] *this* version of the University's plea became the University's operative pleading in this appeal.[43] It later supplemented its operative plea with additional argument and evidence.[44]

---

[39] App'x 579.

[40] App'x 579, 611.

[41] App'x 19–43.

[42] App'x 16.

[43] App'x 19–43.

[44] After Beckcom amended his petition in March 2025 under the consolidated case number, the University filed a document entitled "First Supplement to Plea to the Jurisdiction," which contained the plea and evidence that it filed in response to Beckcom's *first*-filed suit. App'x 576–2775. The University *also* filed a 561-page document entitled "Second Supplement to Plea to the Jurisdiction," whose contents were identical to the operative plea discussed above. (To minimize the size of the Court's already voluminous record, Beckcom did not include it. Although the University's operative plea bears the cause number of his *third*-filed action, Beckcom does not dispute that it was on file with district court, was consolidated into the pending proceeding, and remains the University's operative filing.) The University's "Third Supplement to Plea to the Jurisdiction" *is* included. App'x 2776–87.

## F. The University's arguments in support of withholding information.

With respect to Beckcom's request for DEI-related information, the University relied on a business-records affidavit that authenticated (a) its email conversations with Beckcom's counsel; (b) the Attorney General's opinion from an unrelated proceeding that it provided to Beckcom's counsel; and (c) the letter in which the University informed the Attorney General that it was withholding documents in *this* proceeding.[45]

With respect to Beckcom's request for information related to the "Squadron 17" investigation, the University's operative plea stated that it "withheld a 46-page document because it contained personally identifiable student record information that cannot be sufficiently de-identified."[46] To support this assertion, the University attached an affidavit from its records custodian, who testified that she had sufficient personal knowledge to form a "good-faith belief" that Beckcom:

— served as a legal representative of at least one student involved

---

[45] App'x 590–92 (facts); 600–602 (argument); 1632–42 (Beckcom's request and communications between counsel); 1643–46 (University's letter to the Attorney General regarding Beckcom's request for DEI information); 1647–49 (Attorney General's letter to the University in an unrelated matter); 2319–21 (business-records affidavit).

[46] App'x 28, 32, 2779.

- 19 -

in the Squadron 17 investigation;

— knew the identities of the other students that were also members of "Squadron 17;" and

— had knowledge of the underlying facts and allegations.[47]

The records custodian then testified that—based on her personal knowledge of the above—the University "determined within its discretion" that the Act permitted it to withhold documents from Beckcom without seeking an opinion from the Attorney General.[48] The University did not submit the 46 pages of documents to the district court for in camera review.

**G.  Beckcom's response to the University's jurisdictional challenge.**

In his response to the University's challenge to the district court's ability to consider the subject matter of this dispute, Beckcom cited the provision of the Public Information Act that specifically authorized him to file a suit in a district court for a writ of mandamus that would compel the University to make information available.[49] Beckcom then argued that it would be an "absurd result" if a district court *had* subject-matter jurisdiction to consider the *defenses* in the University's plea but did *not* have subject-

---

[47] App'x 2784.

[48] App'x 2784.

[49] App'x 2788–93 (citing Tex. Gov't Code § 552.321(a)).

matter jurisdiction to consider the *allegations* in Beckcom's petition.[50]

With respect to the merits of the University's argument that it complied with the Act, Beckcom argued that the district court should deny its request to dismiss his petition with prejudice because (a) the summary-judgment standard applied; and (b) the University's filings failed to "conclusively establish" the absence of a genuine factual dispute.[51] Beckcom also provided the district court with his own declaration in which he affirmed:

— He did not serve as a legal representative for any student in "Squadron 17;"

— The University's rules prohibit students from having legal representation during administrative hearings; and

— He was permitted to attend his son's hearing in his capacity as a father and "advisor" but was not permitted to speak.[52]

Beckcom's response also noted that the University's plea did not contain any "no-evidence" arguments and, therefore, was not entitled to "summary-judgment-like" relief on this basis either.

---

[50] App'x 2791–92.

[51] App'x 2791–92.

[52] App'x 2794.

Finally, Beckcom concluded his response to the University's plea by asking it to "provide the parties with guidance for submitting arguments and evidence to this Court for a ruling on the merits."[53]

## H. The district court holds a hearing on Beckcom's petition and the University's plea.

The district court held a hearing on Beckcom's petition and the University's plea.[54] The parties did not call witnesses and instead relied on the documents already on file.[55]

At the hearing, the University's counsel conceded that there were "parts of documents that were withheld in their entirety."[56] Accordingly, Beckcom's counsel asked the court to deny the University's plea and to conduct an in camera review of the documents that the University claimed to withhold.[57] The University responded by arguing that its discretion was absolute and that there was no authority suggesting that the district court

---

[53] App'x 2793.

[54] RR 4.

[55] RR 2–3

[56] RR 30.

[57] RR 25.

had the ability to conduct an in camera review.[58] During this discussion, the district court noted, "I guess that's going to create some law about whether I can take something in camera to look at…you would think that if you've got a judge to make a decision about it, he ought to be able to take a look at it, make a decision, [and] seal it."[59] At the conclusion of the hearing, the district court stated that he would take the parties' arguments under advisement.[60]

## I. The district court denies the University's plea but *dismisses* Beckcom's petition *with prejudice*.

A week later, the district court sent a letter to both parties informing them of its determination that both Beckcom's petition and the University's plea should be *denied*.[61] It also ordered the University's counsel to prepare an order "in compliance with the court's ruling noted above."[62] Nothing in the district court's letter indicated that its ruling was with or without prejudice, nor did it use the word "dismiss." [63] The district court signed the order that

---

[58] RR 56–57.

[59] RR 66.

[60] RR 67.

[61] App'x 2796.

[62] App'x 2796.

[63] App'x 2796.

the University prepared, which denied both the petition and the plea, but also noted that petition was *dismissed with prejudice*.[64]

Beckcom timely filed a request for findings of fact and conclusions of law, as well as his own proposed findings and conclusions.[65] The University objected to Beckcom's request and proposal.[66] According to the University, the district court's ruling was "tantamount to the granting of a summary judgment" and that the district court "effectively dismissed the case because Beckcom's Public Information Act claims were unmeritorious and lacked any genuine issue of material fact."[67] The University further argued that "there was no indicia to indicate or suggest that the [Beckcom's petition] was 'tried' within the meaning of Rule 296."[68]

The district court sustained the University's objections and signed an order "denying and disregarding" Beckcom's request for findings of fact and conclusions of law.[69] Beckcom then filed a motion for new trial in which he

---

[64] App'x 2797.

[65] App'x 2798–99 (request); 2810–14 (proposed findings and conclusions).

[66] App'x 2800–04.

[67] App'x 2802.

[68] App'x 2802.

[69] App'x 2828.

argued that the district court's ruling was contrary to law and against the overwhelming weight of the evidence.[70] Because the district court did not hold a hearing or rule on Beckcom's motion, it was denied by operation of law. Beckcom then timely appealed.[71]

---

[70] App'x 2826.

[71] App'x 2834.

## ARGUMENT

**A. Because the district court granted relief that was "tantamount to the granting of a summary judgment," the same standard of review applies on appeal.**

Before addressing the merits of Beckcom's arguments, this Court should conclude that it must review the evidence supporting the district court's judgment under a *de novo* standard of review. The record supports this conclusion because:

— When Beckcom requested the district court to prepare filings of fact and conclusions of law, he argued that the proceedings were akin to a bench trial under Rule 296;[72]

— The University responded to Beckcom's request by arguing that (a) the Public Information Act does not specifically authorize bench trials or jury trials; (b) the district court's hearing "was more akin to a dispositive summary-judgment versus a "trial" within the meaning of Rule 296; and (c) the district court's ruling was "tantamount to the granting of a summary judgment."[73]

— The district court sustained the University's objections and "denied and disregarded" Beckcom's request;[74] and

— When Beckcom asked this Court to order the district court to prepare findings and conclusions; the University reiterated the arguments it presented to the district court.

---

[72] App'x 2798; 2807.

[73] App'x 2801–02.

[74] App'x 2828.

Moreover, *this* Court also denied Beckcom's request for a remand on this basis. Accordingly, Beckcom presents its arguments in this appeal as if this Court and the court below agreed with the University's arguments.

If the district court's ruling was "tantamount to the granting of a summary-judgment," this Court should first conclude that only the University sought this relief. There is no dispute that Beckcom did not attempt to *prove* his allegations in his *pleadings*,[75] nor does the Act require him to do so.[76] And although the University's plea did not contain the words "traditional," "no-evidence," or "summary judgment" and did not cite or reference Texas Rule of Civil Procedure 166a, it *did* attach more than 2,700 pages of exhibits[77] in support of its argument that it was entitled to a *dismissal* of Beckcom's suit *with prejudice*."[78]

There should also be no dispute that Beckcom's response to the University's plea was not a cross-motion for summary judgment. Indeed, Beckcom's response did not even ask the district court to grant his petition

---

[75] App'x 4–14.

[76] Tex. Gov't Code § 552.321–.328.

[77] App'x 44–2787.

[78] App'x 19, 43

for mandamus relief.[79] Instead, Beckcom argued that plaintiffs are not required "to put on their case simply to establish jurisdiction,"[80] and that trial courts cannot sustain a plea to the jurisdiction "if the evidence creates a fact question regarding the jurisdictional issue."[81] In sum, Beckcom's argument and declaration should leave no doubt that his response brief was not seeking affirmative relief, but was merely attempting to defeat the University's jurisdictional challenge.

The district court's decision to *dismiss* Beckcom's suit *with prejudice*—despite having also denied the University's implied arguments regarding the ability to address the merits of this dispute[82]—necessarily reflects its belief that the University's evidence "conclusively established" its defenses to Beckcom's suit.[83] And because a defendant can only obtain such relief

---

[79] App'x 2788–93.

[80] App'x 2791 (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)).

[81] App'x 2791 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004)).

[82] *See, e.g.*, *Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006) (the trial court's rulings on the merits constituted an implicit rejection of a challenge to the trial court's subject-matter jurisdiction); *see also Whitesell v. Newsome*, 138 S.W.3d 393, 397 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1013 (5th Cir. 1998) (dismissal for lack of subject-matter jurisdiction is not a ruling on the merits).

[83] *Draughon v. Johnson*, 631 S.W.3d 81, 91 (Tex. 2021).

through a "traditional" summary-judgment motion, this Court should apply the same *de novo* standard of review.[84]

As this Court is certainly well-aware, the *de novo* standard requires it to consider all of the evidence in the light most favorable to Beckcom, crediting evidence favorable to the Beckcom if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not.[85] And because a "traditional" summary-judgment motion must "stand on its own merits," Beckcom did not even have an obligation to respond to the University's plea.[86]

**B.** **The University failed to conclusively establish that it obtained a decision from the Attorney General that permitted it to withhold information from Beckcom.**

**1.** **There is a genuine factual dispute as to whether the Attorney General reviewed information that was responsive to Beckcom's requests about the University's DEI initiatives.**

This Court should conclude that the University failed to conclusively establish its right to withhold documents that were responsive to Beckcom's request for information about its DEI initiatives. Here, the University has

---

[84] *Draughton*, 631 S.W.3d at 91.

[85] *See, e.g.*, *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

[86] *See, e.g.*, *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

never disputed that Beckcom's request complied with the Act's procedural requirements. As noted at the outset of this brief, the Public Information Act authorizes a requestor to "file suit [in a district court] for a writ of mandamus compelling a governmental body to make information available for public inspection" when it refuses to ask the Attorney General for a decision.[87] And when determining whether the University made such a request from the Attorney General, the evidence in the record reveals:

— The University informed the Attorney General that it believed that Beckcom's requests were covered by one of the Attorney General's previous decisions;[88]

— The previous decision on which the University relied was *not* issued in response to one of Beckcom's requests;[89]

— The Attorney General made its previous decision after reviewing only a "representative sample" of responsive documents that the University submitted for review;[90]

— The Attorney General's previous decision specifically stated that it "does not authorize the withholding of any other requested records to the extent that those records contain substantially different types of information than that submitted

---

[87] Tex. Gov't Code § 552.321(a).

[88] App'x 1644 (citing Tex. Atty. Gen. OR2024-004322).

[89] App'x 1647 (noting that the University was seeking a decision from the Attorney General regarding a request with an internal reference number that is not identified on any other document in the record).

[90] App'x 1647.

to this office;"[91]

— The University's plea did not include *any* evidence addressing the substance of the previous request, the contents of the "representative sample" that it provided to the Attorney General when seeking that request, or an explanation of how the evidence was the same or similar to the information that was responsive to Beckcom's requests;

— The University never submitted *any* records to the district court for an in camera inspection; and therefore,

— The district court did not (because it could not) make any finding as to whether the "representative sample" of documents that the University submitted to the Attorney General when obtaining the previous decision were "representative" or "substantially different" from documents responsive to Beckcom's request.

Accordingly, when the evidence in the record is viewed through the requisite standard of review, this Court should conclude that the University did *not* "conclusively establish" that it asked the Attorney General for a decision as to whether any exception applied to documents that were responsive to Beckcom's request for documents related to DEI initiatives.[92] And because the Act requires this Court to presume that the information Beckcom

---

[91] App'x 1647.

[92] App'x 1643–46. Although this letter did ask the Attorney General for a decision on certain portions of Beckcom's request, it advised the Attorney General in a separate letter sent four days later that it "changed its position" and no longer sought a decision. *Id*. at 1802.

requested is subject to required public disclosure,[93] it should conclude that the district court erred when tacitly concluding that—as a matter of law—Beckcom was not entitled to pursue mandamus relief with respect to this request.

**2.      There is a genuine factual dispute as to whether the University may rely on the "student-records exception" to Beckcom's request for information about the "Squadron 17" investigation.**

For similar reasons, this Court should also conclude that the University failed to conclusively establish its right to withhold documents that were responsive to Beckcom's request for information about its "Squadron 17" investigation. Again, the University has never argued that Beckcom did not follow the required procedures to trigger its responsibilities under the Act. Instead, the University argues that its evidence demonstrates that its records custodian had sufficient personal knowledge to form a "good-faith belief" that Beckcom "knows the identities of the students to whom the 'Squadron 17' documents relate."[94] And based on this "good-faith belief," the University invoked the exception in the Act that applies to

---

[93] Tex. Gov't Code § 552.302.

[94] App'x 2780.

"records, files, documents, and other materials" that "contain information *directly related* to a student [or an applicant].'"[95] In sum, the University's arguments reflect its belief that its decision to withhold documents from Beckcom without seeking a decision from the Attorney General is not subject to judicial review.[96]

But the University's claims of having a "good-faith belief" about what Beckcom knows are unsubstantiated and Texas courts have long held that conclusory assertions in an affidavit or declaration are—as a matter of law—"not evidence."[97] Here, the University's argument ultimately turns on the declaration of its records custodian, which only provides the following information regarding the source of her "good-faith belief":

— She was "involved in" the University's response to Beckcom's request about the "Squadron 17" investigation;

— While collecting information responsive to Beckcom's request, "it was determined" that Beckcom served as a legal representative to "at least one student involved in the investigation" and has a child who was a current member of "the outfit;"

---

[95] Tex. Gov't Code § 552.114(a); 20 U.S.C. § 1232g(a)(4)(A) (emphasis added).

[96] *GateHouse Media*, 711 S.W.3d at 665.

[97] *See, e.g.*, *Bugle Shipping Co. Ltd. v. Sheikh*, No. 14-22-00470-CV, 2023 WL 7034213, at *4 (Tex. App.—Houston [14th Dist.] Oct. 26, 2023, no pet.).

— Based on the "determination" that Beckcom "represented" other students, it concluded that Beckcom "had knowledge of the underlying facts and associated conduct allegations" and "knows the identities of the students to whom the 'Squadron 17' investigation documents relate."[98]

There is nothing in the records custodian's declaration, however, that provides any factual basis for how the University "determined" that Beckcom represented *anyone* involved in its investigation. It also does not say who took part in making this "determination," nor does it identify any information the that the "determining" party (or parties) considered. And it does not claim to have made any efforts to substantiate this determination. Accordingly, to the extent the University's "good-faith belief" about Beckcom's knowledge is based on this unexplained "determination," the opinion is conclusory and cannot support a summary judgment.

Moreover, and assuming—without conceding—that it is necessary for this Court to look to the evidence that Beckcom provided when considering whether the University conclusively established its "good-faith belief," Beckcom's declaration specifically denied the University's allegation that he ever "represented" any member of "Squadron 17"—including his own

---

[98] App'x 2783–84.

son.[99] The University did not file any objection to Beckcom's declaration, nor did it offer any legal authority in a reply brief or at the hearing to suggest that this contradiction does not demonstrate a genuine factual dispute.

Finally, regardless of the source of the information supporting the University's "good-faith belief," the statutory exception on which it relies only covers "records, files, documents, and other materials" that "contain information *directly related* to a student."[100] Here, there is no dispute that the University did not ask the district court to conduct an in camera review of *any* information that would allow it to conclude—as a matter of law—that the 46-pages of withheld documents that satisfied the statute's direct-relationship requirement. And although the University directed the district court to a recent Texas Supreme Court decision holding that it was not required to seek a decision from the Attorney General when a student's confidential information is *the subject of the request*,[101] it did not (and cannot) cite to *any* provision of the Public Information Act—nor any case interpreting it—that prohibits a district court from conducting an in camera

---

[99] App'x 2794.

[100] Tex. Gov't Code § 552.114(a); 20 U.S.C. § 1232g(a)(4)(A) (emphasis added).

[101] App'x 34, 2777–80 (citing *GateHouse Media*, 711 S.W.3d at 665).

review of information to determine whether this exception applies to the information that a public university seeks to withhold. Beckcom respectfully submits that this case should not be the first.

In sum, when the evidence in the record is viewed through the requisite standard of review, this Court should conclude that the University did *not* "conclusively establish" that the Public Information Act permits it to unilaterally withhold responsive information about the "Squadron 17" investigation without asking the Attorney General if an exception applies. And because the Act requires this Court to presume that information Beckcom requested is subject to required public disclosure,[102] it should conclude that the district court erred when tacitly concluding that—as a matter of law—Beckcom was not entitled to pursue mandamus relief with respect to this request as well.

## Conclusion

This Court should reverse the district court's judgment and remand this case to the district court for further proceedings consistent with its opinion.

---

[102] Tex. Gov't Code § 552.302.

Respectfully submitted,

*s/ Matthew J. Kita*

MATTHEW J. KITA
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

COUNSEL FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 5,086 words (excluding the parts of the brief exempted by this rule).

Signed this 17th day of November, 2025.

*s/ Matthew J. Kita*

MATTHEW J. KITA

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Matthew Kita on behalf of Matthew Kita
Bar No. 24050883
matt@mattkita.com
Envelope ID: 108145218
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 11/18/2025 7:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew J.Kita | | matt@mattkita.com | 11/17/2025 5:04:59 PM | SENT |
| Jason T.Contreras | | jason.contreras@oag.texas.gov | 11/17/2025 5:04:59 PM | SENT |